IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02816-PAB

VAN ESSEN HOMES, LLC, a Colorado Limited Liability Company, and
LOREN VAN ESSEN,

    Plaintiffs,

v.

BUILDERS INSURANCE GROUP, INC., a Georgia Corporation,
VININGS INSURANCE GROUP, n/k/a National Builders Insurance Company, a Delaware Corporation, and
ASSOCIATION INSURANCE COMPANY, n/k/a American Builders Insurance Company, a Delaware Corporation,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on defendants' notice of removal [Docket No. 1]. Defendants state that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 1 at 2, ¶ 4.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendants assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

The facts presently alleged are insufficient to establish plaintiffs' citizenship. Defendants' notice of removal states that Van Essen Homes, LLC is a limited liability company of which Loren Van Essen and Denise Van Essen are the sole managers/members. Docket No. 1 at 3, ¶ 7. The notice further states that both Loren Van Essen and Denise Van Essen "reside in Colorado." *Id.* But "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C., v. Century Sur. Co.*, 781 F.3d

1233, 1238 (10th Cir. 2015). Accordingly, the Court cannot determine the citizenship of plaintiffs or its own jurisdiction without additional information regarding where Loren Van Essen and Denise Van Essen are domiciled. *See id.* at 1237-38 (noting that the citizenship of an unincorporated association depends on the citizenship of all of its members).[1]

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on December 11, 2017**, defendants Builders Insurance Group, Inc., Vinings Insurance Group, n/k/a National Builders Insurance Company, and Association Insurance Company, n/k/a American Builders Insurance Company, shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED November 28, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Plaintiffs' complaint does not rectify the deficiency in defendants' allegations. Like defendants' notice of removal, the complaint merely alleges that Loren Van Essen is "an individual residing in the State of Colorado." Docket No. 4 at 2, ¶ 2.